UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OMNI HOME FINANCING, INC., et al., | ) | Case No. 06-CV-0921-IEG (JMA) |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING PLAINTIFFS'** |
| | ) | **MOTION TO AMEND OR WITHDRAW** |
| | ) | **ADMISSIONS** |
| v. | ) | |
| | ) | **[Doc. No. 97]** |
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Omni Home Financing, Inc. ("Omni"), Omni Home Financing, Inc. 412(i) Defined Benefit Plan ("Plan"), Keith Murphy ("Murphy"), Anthony A. Gaglione ("Gaglione") and David A. Bancroft ("Bancroft") (hereinafter collectively "Plaintiffs") have filed a Motion to Amend or Withdraw Admissions. Defendants Hartford Life and Annuity Insurance Company ("Hartford") and Paul Bannock ("Bannock") (hereinafter collectively "Defendants") oppose. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

//

//

06cv0921

# I.    BACKGROUND

On or about May 29, 2007, Defendant Hartford served Requests for Production, Interrogatories and Requests for Admissions upon Plaintiffs Omni, Murphy, Gaglione and Bancroft.[1]  Pls.' Mem. in Supp. of Mot. [Doc. No. 97-2] ("Pl.'s Mem.") at 2; Defs.' Resp. to Mot. [Doc. No. 106] at 3; Notice of Lodgment in Supp. of Mot. [Doc. No. 97-4] ("Notice of Lodgment"), Ex. B at 5, 17, 47, 70. Plaintiffs' responses to the discovery were due on July 2, 2007. Pls.' Mem. at 2; Taylor Decl. in Opp'n [Doc. No. 107] ("Taylor Decl."), ¶ 3.  On July 23, 2007, Defendants' counsel, Jessica Spangler Taylor, Esq., notified Plaintiffs' counsel, Susan Meter, Esq., of the overdue responses by telephone.  Pls.' Mem. at 2; Taylor Decl., ¶ 4.  Ms. Taylor also advised Ms. Meter of Hartford's position that Plaintiffs had waived all of their objections to the discovery requests and that the requests for admission had been deemed admitted.  Taylor Decl., ¶ 5. Plaintiffs state that "as a result of extending discovery deadlines in pursuit of settlement of the case, [they] inadvertently overlooked the deadline" for responding to the written discovery propounded by Hartford and/or Bannock.  Pls.' Mem. at 2.

After July 23, 2007, Plaintiffs' counsel asked Defendants' counsel whether Hartford was interested in pursuing settlement before Plaintiffs provided the overdue discovery responses.

---

[1]Although Defendants' counsel states that she served Requests for Admission on behalf of Hartford *and* Bannock (see Taylor Decl. in Opp'n [Doc. No. 107], ¶ 3), the copies of the Requests which have been provided to the Court indicate that the Requests for Admission were propounded by Hartford only, not Bannock.  Notice of Lodgment in Supp. of Mot. [Doc. No. 97-4], Ex. B at 1, 12-13, 42-43, 65-66.

Jones Decl. in Opp'n [Doc. No. 106-4] ("Jones Decl."), ¶ 5.
Hartford agreed to hold its discovery demands in abeyance for a
brief period of time, but made clear that "its position was in no
way a waiver of Hartford's position that Omni waived all
objections to Hartford's discovery." Id. Plaintiffs forwarded a
settlement demand to Defendants' counsel on August 10, 2007.
Id., ¶ 6; Meter Decl. in Supp. of Mot [Doc. No. 97-3] ("Meter
Decl."), ¶ 3.  Hartford rejected the settlement offer on August
13, 2007.  Jones Decl., ¶ 7; Meter Decl., ¶ 3.  Plaintiffs
responded to all of the outstanding written discovery requests,
including the requests for admission, on August 20, 2007.  Meter
Decl., ¶ 6; Notice of Lodgment, Ex. C.  After counsel met and
conferred regarding the discovery responses, Plaintiffs served
amended responses to some of the requests for admission on or
about September 20, 2007.  Meter Decl., ¶ 7; Notice of Lodgment,
Ex. D.  Nothing in the record demonstrates that Hartford,
throughout this chain of events, ever abandoned its position that
the requests for admission had been deemed admitted.

    Plaintiffs' counsel, Ms. Meter, first notified the Court of
her clients' desire to file the instant motion on October 10,
2007.  Plaintiffs filed their motion on October 12, 2007, after
participating in a conference call with the undersigned's
chambers as required by the Court.

## II.  LEGAL STANDARDS

    Rule 36 of the Federal Rules of Civil Procedure, applicable
to requests for admission, states that a matter is deemed
admitted "unless, within 30 days after service of the request . .
. the party to whom the request is directed serves upon the party

requesting the admission a written answer or objection addressed
to the matter, signed by the party or by the party's attorney."
Fed. R. Civ. P. 36(a).  Any matter admitted under Rule 36 is
"conclusively established unless the court on motion permits
withdrawal or amendment of the admission."  Fed. R. Civ. P.
36(b).  "[T]he court *may* permit withdrawal or amendment when the
presentation of the merits of the action will be subserved
thereby *and* the party who obtained the admission fails to satisfy
the court that withdrawal or amendment will prejudice that party
in maintaining the action or defense on the merits."  Id.
(emphases added).[2]

     "The first half of the test in Rule 36(b) is satisfied when
upholding the admissions would practically eliminate any
presentation of the merits of the case."  Hadley v. United
States, 45 F.3d 1345, 1348 (9th Cir. 1995).  The second half of
the test, the prejudice component, requires "not simply that the
party who obtained the admission will now have to convince the
factfinder of its truth.  Rather, it relates to the difficulty a
party may face in proving its case, e.g., caused by the
unavailability of key witnesses, because of the sudden need to
obtain evidence with respect to the questions previously deemed
admitted."  Id. (citation and quotations omitted).  The party

---

[2]The language of Rule 36 was amended effective December 1, 2007
as part of the "general restyling of the Civil Rules to make them more
easily understood and to make style and terminology consistent
throughout the rules."  Fed. R. Civ. P. 36 Advisory Committee Notes,
2007 Amendment.  The changes were intended to be stylistic only.  Id.
For purposes of this motion, the Court utilizes the previous version
of the Rule as the motion was fully briefed before December 1, 2007.
Moreover, because the changes are stylistic only, the Court's ruling
would not be any different even if the Court analyzed this matter
under the amended version of the Rule.

1  relying on the deemed admission has the burden of establishing

2  that withdrawal or amendment of the admission would prejudice the

3  party's case.  <u>Id.</u>

4      Rule 36(b) is permissive, not mandatory, with respect to the

5  withdrawal or amendment of admissions.  <u>Conlon v. United States</u>,

6  474 F.3d 616, 621, 624-25 (9th Cir. 2007).  Therefore, even if

7  the moving party can satisfy the two-pronged test, the court is

8  not required to grant relief.  <u>Id.</u> at 624.  In deciding a motion

9  to withdraw or amend admissions, the court may also consider

10 other factors, including whether the moving party can demonstrate

11 good cause for the delay and whether the moving party appears to

12 have a strong case on the merits.  <u>Id.</u> at 625.

13 **III.  <u>DISCUSSION</u>**

14     **A.    Scheduling Order**

15     As a preliminary matter, the Court considers whether

16 Plaintiffs' motion is timely.  The Court's Scheduling Order,

17 issued on February 6, 2007, states in pertinent part:

18     **All disputes concerning discovery shall be**
       **brought to the attention of Magistrate Judge**
19     **Adler no later than thirty (30) days**
       **following the date upon which the event**
20     **giving rise to the dispute occurred.  For**
       **oral discovery, the event giving rise to the**
21     **discovery dispute is the completion of the**
       **transcript of the affected portion of the**
22     **deposition.  For written discovery, the event**
       **giving rise to the discovery dispute is the**
23     **service of the response.**

24 Feb. 6, 2007 Order [Doc. No. 66], ¶ 5 (emphasis in original).

25     Here, although Plaintiffs were aware that a dispute

26 concerning discovery existed as of July 23, 2007, they did not

27 notify the Court of the dispute until October 10, 2007, over

28 *eleven weeks* later.  Any reasonable lawyer in Plaintiffs'

counsels' position would have realized that a discovery dispute existed as of July 23, 2007, when Ms. Taylor brought to Ms. Meter's attention the fact that Plaintiffs had missed the July 2, 2007 deadline to respond to Defendants' written discovery and that the requests for admission had been deemed admitted. Although the language of the Scheduling Order does not specifically address the situation at hand, i.e., the failure to serve timely responses to written discovery, Plaintiffs' counsel clearly should have recognized as of July 23, 2007 that a motion under Rule 36 would be necessary to withdraw or amend the admissions, and should have proceeded at that time with the steps necessary to file the motion.

The Court completely disagrees with Plaintiffs' statement that they filed their motion "on the earliest date possible." Pls.' Mem. in Reply [Doc. No. 109] at 1-2.  There is no justification for waiting eleven weeks before bringing this matter to the Court's attention.  None of the excuses proffered by Plaintiffs for not bringing a timely motion -- including broaching settlement with Defendants, being "bombarded" with discovery (a claim which appears to be grossly exaggerated), and prioritizing the preparation of amended discovery responses over the filing of this motion -- are relevant considerations, nor do any of them provide an adequate reason for not contacting the Court about this dispute until October 10.

The Court accordingly finds that Plaintiffs' motion is untimely under the Court's Scheduling Order, and **DENIES** the motion on that basis.  Notwithstanding that finding, the Court now independently analyzes the merits of the motion, i.e.,

whether Plaintiffs have met the two-prong test set forth in Rule 36(b).

**B.   Presentation of the Merits**

Again, the first prong of the test set forth in Rule 36(b) is satisfied when upholding the admissions would "practically eliminate *any* presentation of the merits of the case." Hadley, 45 F.3d at 1348 (emphasis added).   In Hadley v. United States, the case centered on whether Hadley was properly assessed a tax penalty by the federal government as a person responsible under 26 U.S.C. § 6672 for willful failure to pay taxes.   Two requests for admission propounded upon Hadley concerned the two "ultimate issues" in the case, namely, whether Hadley was a "responsible person" and whether the failure to pay over the taxes was "willful" under § 6672.   Hadley, 45 F.3d at 1347.   These matters were deemed admitted when Hadley failed to timely respond to the requests.   Id.   The court found that the first prong of the Rule 36(b) test was satisfied as the deemed admissions amounted to a complete admission of liability for willful failure to pay taxes under 26 U.S.C. § 6672 and effectively disposed of the issues in the action as the admissions permitted full recovery by the Government on its counterclaim against Hadley.   Id. at 1346.

Similarly, in Conlon v. United States, deemed admissions by Conlon resulted in a complete admission of no liability on the part of the defendant.   In that case, Conlon alleged that the United States Parole Commission improperly issued a warrant for his arrest, and that he had been negligently arrested and imprisoned.   Three requests for admission propounded upon Conlon by the Government asked Conlon to admit that the issuance of the

arrest warrant, his arrest, and his imprisonment had *not* been caused "by any negligent or wrongful act or omission of any employee of the United States." Conlon, 474 F.3d at 619-20. These matters were deemed admitted when Conlon failed to respond to the requests within 30 days as required by Rule 36(a). Id. at 620. The Ninth Circuit found that under such circumstances, Conlon had satisfied the first prong of the test in Rule 36(b) because "upholding the deemed admissions eliminated any need for a presentation on the merits." Id. at 622. In essence, Conlon had admitted away his case.

Thus, the first prong of the Rule 36(b) test was satisfied in both Hadley and Conlon because the admissions in those cases conclusively resolved the issue of liability. Such is not the case here. Although Plaintiffs argue that upholding the deemed admissions would eliminate the need for any presentation of this case on the merits, Plaintiffs are overstating the effect of the admissions. Plaintiffs point to the following requests for admission in their motion: Nos. 1-6 to Murphy and Bancroft,[3] Nos. 1-12 and 17-20 to Gaglione and Nos. 9-10 to Omni. As will be seen in the discussion below, the admissions as to the matters set forth in these requests do not conclusively resolve this case against Plaintiffs.

### a. Requests to Murphy

Plaintiffs primarily base their argument on three requests served upon Murphy -- Nos. 3, 5 and 6. Request No. 3 to Murphy states as follows:

---

[3] The requests for admission served upon Murphy and Bancroft are virtually identical.

06cv0921

Request No. 3:  Admit that by signing Exhibit A,[4]
Anthony Gaglione, as Trustee for the Omni Plan,
acknowledged at HL00083 that "neither Hartford Life and
Annuity Insurance Company nor its employees, its
agents, or its representative[s] provide tax or legal
advice, including, but not limited to, any advice
relative to the fair market value of the policy for
income, gift or estate tax valuation purposes."

Notice of Lodgment, Ex. B at 71.  Plaintiffs contend that if they are not able to withdraw the deemed admission to this request, they will not be able to argue one of their primary contentions – – that Defendants *did* provide tax and legal advice which was "fraudulent and misleading."  Pls.' Mem. at 7.  This admission, however, does not preclude Plaintiffs from arguing that Defendants actually provided fraudulent and misleading tax and legal advice, notwithstanding the disclaimer in Exhibit A.  The request, after all, does not ask Murphy to admit that Defendants did not provide tax or legal advice; rather, it simply asks Murphy to admit that Gaglione, by signing Exhibit A, made an *acknowledgment* of what the document states, i.e., that Defendants do not provide tax or legal advice.  Thus, the request asks for nothing more than what the document itself establishes -- that Gaglione made the acknowledgment.  One way or another, with or without the above admission, Plaintiffs will have to explain the acknowledgment and counter any effects it may have on their case.  For these reasons, it cannot be said that this admission results in the practical elimination of any presentation of the merits of the case.  Hadley, 45 F.3d at 1348.

---

[4]Exhibit A, attached to the requests for admissions served upon Murphy and Bancroft, consists of "A Life Insurance Policy Illustration Using Stag Whole Life" prepared for each of these individual plaintiffs.

9

1    Similarly, the admissions to Request Nos. 1, 2 and 4 to
2  Murphy establish nothing more than what the document (Exhibit A)
3  itself does.  That is, the requests simply seek to confirm
4  information pertaining to Exhibit A that is also evident from the
5  document itself.  Moreover, none of these admissions -- that
6  Exhibit A is a fair and accurate copy, that Gaglione signed
7  Exhibit A, and that Exhibit A contains certain cited text --
8  preclude Plaintiffs from presenting the merits of their case.
9  See Notice of Lodgment, Ex. B at 71-72.

10    Plaintiffs also rely heavily upon Request Nos. 5 and 6 to
11  Murphy.  These requests are as follows:

12      Request No. 5:  Admit that, prior to communicating with
        Hartford or Bannock, You had already decided to create
13      a 412(i) Plan to minimize Omni's tax liability.

14      Request No. 6:  Admit that, prior to communicating with
        Hartford or Bannock, You had already communicated with
15      other persons or entities regarding the creation of a
        412(i) Plan to minimize Omni's tax liability.
16

17  Notice of Lodgment, Ex. B at 72.  Upholding these admissions
18  would not practically eliminate any presentation of the merits of
19  the case.  While it is true that Plaintiffs would not be able to
20  establish that Defendants' advice caused Plaintiffs to create a
21  412(i) Plan, in that Plaintiffs will be deemed to have admitted
22  that they had already communicated with others about creating a
23  plan and had decided to implement such a plan, these admissions
24  will not preclude Plaintiffs from arguing that Defendants' advice
25  caused Plaintiffs to enter into a 412(i) Plan with Hartford, or
26  that Defendants in fact provided false or misleading tax and
27  legal advice in connection therewith.  Therefore, an admission
28  that Plaintiffs had already decided to create a 412(i) Plan prior

06cv0921

to communicating with Hartford or Bannock would not effectively
end the litigation, and thus does not rise to the level necessary
for the Court to permit withdrawal or amendment of the
admissions.  See, e.g., Perez v. Miami-Dade County, 297 F.3d
1255, 1266 (11th Cir. 2002) (granting motion to withdraw
admissions when the deemed admission "took the wind out of the
defendants' sails and effectively ended the litigation"); Hadley,
45 F.3d at 1348; Conlon, 474 F.3d at 622.

### b.   Requests to Bancroft

Because the requests for admission served upon Bancroft are
virtually identical to those served upon Murphy, the analysis
applied above is also applicable to the deemed admissions by
Bancroft.

### c.   Requests to Gaglione

Plaintiffs do not contend that Request Nos. 1 and 2 to
Gaglione (which seek admissions that Exhibit A, a document
attached to the requests, is a fair and accurate copy and that
Gaglione signed a "Disclosure and Acknowledgment Statement"
attached to Exhibit A) concern core elements of the case, and do
not argue that the admissions to the matters set forth in those
requests are untrue.  Request Nos. 3 through 8 simply quote text
from Exhibit A and essentially ask Gaglione to confirm that the
text is contained within Exhibit A, and thus ask for nothing more
than what the document itself establishes.  Furthermore, as
discussed above, admitting that Exhibit A contains various
acknowledgments and disclosures is not the same as admitting the
truth of those acknowledgments and disclosures.

Request No. 9 asks Gaglione to admit that he listed Richard

1   Goldberg, C.P.A. as Omni's tax advisor in connection with the
2   Omni Plan.  The effect of this admission is that Plaintiffs
3   cannot further their contention that someone else filled in Mr.
4   Goldberg's name on the form.  See, e.g., Pls.' Mem. at 4.
5   However, the admission does not establish that Mr. Goldberg gave
6   tax advice or preclude Plaintiffs from proving that Defendants
7   did so.  And, while Request No. 10 asks Gaglione to admit that
8   Mr. Goldberg provided Omni with tax advice in connection with the
9   Omni Plan, an admission here does not conclusively establish that
10  Mr. Goldberg gave *pre-Plan* tax advice to Plaintiffs.  Therefore,
11  if Mr. Goldberg did not give pre-Plan tax advice to Plaintiffs,
12  as Plaintiffs appear to argue, a deemed admission of Request No.
13  10 does not preclude them from establishing that fact.

14      Request Nos. 11 and 12 are substantially similar to Request
15  Nos. 5 and 6 to Murphy, and the same analysis applies.
16  Similarly, Request Nos. 17, 18, 19 and 20 are the same as Request
17  Nos. 1, 2, 3 and 4 to Murphy.

18          **d.   Requests to Omni**

19      Request Nos. 9 and 10 to Omni are substantially similar to
20  Request Nos. 9 and 10 to Gaglione, and the same analysis applies.

21      In conclusion, because upholding the deemed admissions by
22  all four of the Plaintiffs discussed above would still permit
23  Plaintiffs to put on a case at trial, i.e., it would not
24  eliminate any need for a presentation on the merits, Plaintiffs
25  have not satisfied the first prong of the test in Rule 36(b).

26      **C.   Prejudice to Defendants**

27      When considering whether the prejudice prong of Rule 36(b)
28  has been met, "courts should focus on the prejudice that the

06cv0921

1  nonmoving party would suffer at trial." <u>Conlon</u>, 474 F.3d at 623.

2  Reliance on a deemed admission in a summary judgment motion does

3  not constitute prejudice, nor does reliance on a deemed admission

4  in choosing not to engage in further discovery.  <u>Id.</u> at 624.

5  Here, Defendants have made no argument that they would be

6  prejudiced by a withdrawal or amendment of Plaintiffs' deemed

7  admissions.  It is their burden to establish such prejudice.  <u>Id.</u>

8  Therefore, the second prong of Rule 36(b) is satisfied.

9      Although the second factor of Rule 36(b) has been met, *both*

10  prongs of the two-pronged test of Rule 36(b) must be met in order

11  for the Court to grant relief.  <u>See</u> Fed. R. Civ. P. 36(b).

12  Accordingly, the Court also **DENIES** the motion as the test in Rule

13  36(b) has not been satisfied.

14  **IV.  <u>CONCLUSION</u>**

15      For the reasons set forth above, the Court hereby **DENIES**

16  Plaintiffs' motion to amend or withdraw admissions.  Plaintiffs'

17  late responses to Defendant Hartford's requests for admissions

18  are stricken and the matters therein are deemed admitted.

19      **IT IS SO ORDERED.**

20  DATED:  December 27, 2007

21                          Jan M. Adler

22                          U.S. Magistrate Judge

23

24

25

26

27

28

06cv0921