UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OMNI HOME FINANCING, INC., et al., | ) ) ) | Case No. 06-CV-0921-IEG (JMA) |
| Plaintiffs, | ) ) ) | **ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER COMPELLING THE DEPOSITIONS OF ATTORNEYS KENNETH BONUS AND ROBERT BUTTERFIELD** |
| v. | ) ) | |
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, et al., | ) ) ) | **[Doc. No. 121]** |
| Defendants. | ) ) ) ) | |

Defendants Hartford Life and Annuity Insurance Company ("Hartford") and Paul Bannock ("Bannock") (hereinafter collectively "Defendants") have filed a letter brief in support of their motion for an order compelling the depositions of attorneys Kenneth Bonus and Robert Butterfield. Plaintiffs Omni Home Financing, Inc. ("Omni"), Omni Home Financing, Inc. 412(i) Defined Benefit Plan ("Plan"), Keith Murphy ("Murphy"), Anthony A. Gaglione and David A. Bancroft (hereinafter collectively "Plaintiffs") oppose. For the reasons set forth below, the Court **DENIES** Defendants' motion.

//

## I.   __BACKGROUND__

On November 7, 2007, counsel for Defendants, Jessica Taylor, Esq., deposed Plaintiff Murphy as an individual and as the corporate representative for Omni.  Defs.' Letter Br. at 1. During his deposition, Mr. Murphy testified about legal advice obtained by Plaintiffs from Kenneth Bonus ("Bonus"), an attorney, in connection with the subject Plan.  __Id.__ at 1-2; Murphy Dep., attached as Ex. 1 to Taylor Decl. ("Murphy Dep."), 65:6-66:24. Mr. Murphy testified that Mr. Bonus had advised Plaintiffs to terminate the Plan and had helped Plaintiffs with the termination process.  Murphy Dep., 65:16-66:24.  Mr. Murphy also testified that attorney Robert Butterfield ("Butterfield") had provided advice to Plaintiffs regarding an audit conducted by the Internal Revenue Service ("IRS"), without discussing the nature of any such advice.  __Id.__, 191:6-15.[1]  Mr. Murphy further testified that Mr. Bonus and/or Mr. Butterfield had not discussed the possibility of Plaintiffs working with Defendant Hartford to convert the whole life policies at issue in this case to different types of policies, instead of allowing the whole life policies to lapse.  __Id.__, 202:14-24.

On or about November 9, 2007, Defendants issued deposition notices and subpoenas for the depositions of Bonus and Butterfield, which were scheduled to be held on November 27, 2007.  Taylor Decl., Ex. 4.  After various communications between Plaintiffs' and Defendants' counsel, the depositions were

---

[1]Mr. Butterfield, of Butterfield Schechter LLP, is the law partner of Marc Schechter, Esq., lead counsel for Plaintiffs in this case.  According to Plaintiffs, Mr. Bonus previously held the designation of "of counsel" to the Butterfield Schechter firm, but is now employed with Pillsbury Winthrop Shaw Pittman LLP.

rescheduled for November 28 and 29, 2007.  Defs.' Letter Br. at
5; Taylor Decl., Exs. 5-9.  On November 27, 2007, counsel for Mr.
Butterfield, Daniel Levinson, Esq., sent a letter to Defendants'
counsel advising that Mr. Butterfield would not appear for his
deposition absent a court order.  Taylor Decl., Ex. 10.  Robert
Plumb, Esq., counsel for Mr. Bonus, orally indicated the same.
Taylor Decl., ¶ 19.

        Plaintiffs currently object to the taking of the depositions
of Bonus and Butterfield on relevance and attorney-client
privilege grounds.  With regard to relevance, Defendants contend
that the legal advice obtained by Plaintiffs from Bonus and
Butterfield in connection with the subject Plan is relevant to
Plaintiffs' damages claims, and is thus discoverable.
Specifically, Defendants argue that they are entitled to know (1)
if Plaintiffs considered mitigating their damages by, for
example, "converting to other policies to preserve the cash value
of their policies rather than letting them lapse and losing all
of their contributions", (2) whether Plaintiffs are seeking to
minimize the amount of money they will owe the IRS, and (3)
whether Plaintiffs have made any argument to the IRS about the
legitimacy of the Plan that is inconsistent with the claims of
alleged defects in the Plan made in this lawsuit.  Defs.' Br. at
2.  Defendants further argue, with regard to Plaintiffs'
assertion of the attorney-client privilege, that Plaintiffs have
waived the privilege in various ways.  Id. at 2-6.

II.  **LEGAL STANDARDS**

    A.    **Relevance**

        Rule 26 of the Federal Rules of Civil Procedure permits

06cv0921

discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  <u>Id.</u>  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which provides in relevant part:

> On motion or on its own, the court must limit the
> frequency or extent of discovery otherwise allowed by
> these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably
>> cumulative or duplicative, or can be obtained
>> from some other source that is more
>> convenient, less burdensome, or less
>> expensive;
>>
>> (ii) the party seeking discovery has had
>> ample opportunity to obtain the information
>> by discovery in the action; or
>>
>> (iii) the burden or expense of the proposed
>> discovery outweighs its likely benefit,
>> considering the needs of the case, the amount
>> in controversy, the parties' resources, the
>> importance of the issues at stake in the
>> action, and the importance of the discovery
>> in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  It is within the authority of the court to define the actual scope of discovery to the reasonable needs of the action.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.

**B.   Attorney-Client Privilege**

The elements of the attorney-client privilege provide that (1) when legal advice of any kind is sought (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance,

06cv0921

1 permanently protected (7) from disclosure by the client or by the

2 legal advisor (8) unless the protection be waived.  <u>United States</u>

3 <u>v. Martin</u>, 278 F.3d 988, 999 (9th Cir. 2002).  Because the

4 attorney-client privilege "impedes full and free discovery of the

5 truth," the privilege is strictly construed.  <u>Id.</u>

6 **III.  <u>DISCUSSION</u>**

7   **A.    Relevance**

8    In response to Defendants' assertion that the testimony of

9 Bonus and Butterfield is relevant to the issue of whether

10 Plaintiffs have mitigated their damages, Plaintiffs state:

> [A]dvice of counsel regarding whether to convert is
> wholly irrelevant to determining mitigation of damages.
> If conversion of the policies would have mitigated
> damages, Defendants can establish that there was an
> option to convert and Plaintiffs did not convert.
> Whether counsel looked into any such alleged option and
> whether counsel advised on an alleged conversion option
> is irrelevant to whether Plaintiffs mitigated damages.
> To further clarify, even if counsel investigated this
> option and advised Plaintiffs of the option and
> Plaintiffs did not exercise the conversion option, it
> would not defeat a claim of mitigation if Defendant can
> establish that such a legal option was available and
> would have mitigated damages.  The advice of counsel
> has no bearing on whether such an option would mitigate
> damages.

20 Pls.' Br. at 4-5.  The Court agrees.  Irrespective of any legal

21 advice Bonus or Butterfield may have rendered to Plaintiffs, the

22 fact remains that Plaintiffs did not convert their policies.

23 Instead, they terminated them.  If Defendants want to argue that

24 Plaintiffs failed to mitigate their damages by not converting the

25 policies, they can do so.  The testimony of Bonus and Butterfield

26 is neither relevant to nor necessary on this point.

27   Moreover, any testimony that Bonus or Butterfield would

28 provide on the topics of termination or conversion of the

06cv0921

policies would be cumulative of testimony already given by
Plaintiff Murphy directly on these points.  See Fed. R. Civ. P.
26(b)(2)(C)(i).  In particular, Murphy has already testified that
Plaintiffs terminated the Plan and stopped paying the premiums on
the policies based on the advice of counsel.  Murphy Dep., 65:8-
66:2.  Murphy also testified that counsel did not advise
Plaintiffs of any conversion option.  Id., 202:17-203:3.  Any
advice that Bonus or Butterfield may have rendered, or did not
render, on the topics of termination or conversion has no bearing
on Defendants' ability to argue that Plaintiffs did not mitigate
their damages.

Additionally, the Court finds that allowing the depositions
would impose an undue burden on Bonus and Butterfield in
contravention of Rule 45(c)(1), which aims to protect persons
subject to subpoenas.  See Fed. R. Civ. P. 45(c)(1) ("A party or
attorney responsible for issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden or expense on a
person subject to the subpoena."); see also Fed. R. Civ. P.
26(b)(2)(C)(iii) (requiring the court to limit discovery if "the
burden or expense of the proposed discovery outweighs its likely
benefit").  For these reasons, the Court will not permit the
depositions of Bonus and Butterfield to go forward with respect
to the topic of mitigation of damages.

Defendants also seek to depose Bonus and Butterfield to
determine whether Plaintiffs are trying to minimize the amount of
money they will owe the IRS, and whether Plaintiffs have made any
arguments to the IRS about the legitimacy of the Plan which are
inconsistent with the positions taken by Plaintiffs in this case.

6

06cv0921

1    Plaintiffs, however, represent that they have already produced

2    all documents reflecting communications with the IRS to

3    Defendants, and have submitted a declaration by Butterfield in

4    which he attests that there have been no substantive oral

5    communications with the IRS with regard to the audit of the Plan.

6    Pls.' Br. at 2 fn. 2; Butterfield Decl., ¶ 2.   Therefore,

7    Defendants are already in possession of the information needed to

8    address these two issues, and the depositions of Bonus and

9    Butterfield are not needed on these points.[2]

10        Accordingly, the Court finds the depositions should not go

11   forward.

12        **B.   Waiver of Attorney-Client Privilege**

13        Although the Court need not reach the issue of whether there

14   was a waiver of the attorney-client privilege in view of its

15   ─────────────────────

16        [2]On December 19, 2007, counsel for Defendants, Jessica Taylor,
     Esq., advised the undersigned's law clerk that footnote 2 of

17   Plaintiffs' letter brief contains statements inconsistent with
     information previously provided to Defendants.   Footnote 2 states:

18        Hartford's brief makes the claim that no other documents
          from Mr. Butterfield's files have [been] produced.   The
19        majority of Mr. Butterfield's files are related to the audit
          and have been produced.   Susan Meter explained to counsel
20        for Hartford that there are internal emails between Mr.
          Butterfield and staff that Hartford is not entitled to.
21        They are protected by the attorney work product privilege.

22   Pls.' Letter Br. at 2 fn. 2.   Ms. Meter, counsel for Plaintiffs,
     subsequently informed the Court's law clerk of the nature of the
23   documents withheld from production from Mr. Butterfield's files.
     Based on Ms. Meter's description of the documents, it appears that
24   they are non-responsive to Defendants' request for production.   In any
     event, the Court has instructed Ms. Meter to conduct another review of
25   all of Mr. Butterfield's files (any files of Mr. Bonus are now
     apparently in the possession of Mr. Butterfield), produce any
26   responsive, nonprivileged documents which were not previously
     produced, and produce a privilege log for any responsive documents
27   which are being withheld from production due to privilege, all by
     January 4, 2008.   After this exercise is complete, if Defendants
28   believe that further action by the Court is necessary, it will be up
     to Defendants' counsel to advise the Court accordingly.

                                    7                              06cv0921

1  findings as to relevance, the Court has considered whether there
2  was a waiver and shall now briefly address this issue.  First,
3  the Court does find that there was an express waiver of the
4  attorney-client privilege with respect to the matters that Mr.
5  Murphy disclosed during his deposition.  Specifically, Murphy
6  provided testimony on the following privileged attorney
7  communications:  (1) that Mr. Bonus advised Plaintiffs to
8  terminate the subject Plan and that Plaintiffs followed this
9  advice (Murphy Dep., 65:6-66:2) and (2) that counsel advised
10 Plaintiffs to let the whole life policies lapse and did not
11 discuss a conversion option with Plaintiffs (id., 202:8-24).  The
12 attorney-client privilege was waived as to these matters because
13 the privileged communications were voluntarily disclosed and
14 Plaintiffs' counsel did not take steps to prevent disclosure of
15 the information by, for example, instructing Mr. Murphy not to
16 answer.  See Weil v. Investment/Indicators, Research and
17 Management, Inc., 647 F.2d 18, 23-25 (9th Cir. 1981); Perrignon
18 v. Bergen Brunswig Corp., 77 F.R.D. 455, 460 (N.D. Cal. 1978).
19 The waiver of the attorney-client privilege resulting from these
20 disclosures is limited, however, to only those matters to which
21 Murphy provided testimony.  See Weil, 647 F.2d at 25 (finding a
22 waiver of privilege only as to communications about matters
23 actually disclosed).

24     Notwithstanding the waiver, Defendants are not entitled to
25 take the depositions of Messrs. Bonus and Butterfield for the
26 reasons discussed in Section III. A.  As set forth therein, the
27 Court has found that deposition testimony by Bonus or Butterfield
28 is neither relevant nor necessary with respect to each of the

06cv0921

1   issues raised by Defendants in this motion.

2          Defendants' other arguments on the waiver issue are without

3   merit.  Defendants have provided no authority to support the

4   proposition that an express waiver of the privilege occurred by

5   way of Plaintiffs' untimely responses to Defendants' written

6   discovery such that Plaintiffs would be altogether barred from

7   invoking the attorney-client privilege at future depositions.

8   There was also no implied waiver by Plaintiffs by simply putting

9   their damages at issue in this case, as Defendants have not

10  satisfied the three-pronged test required to establish such a

11  waiver.  See United States v. Amlani, 169 F.3d 1189, 1195 (9th

12  Cir. 1999) (in particular, Defendants have not satisfied the

13  third prong, which requires the court to evaluate whether

14  "allowing the privilege would deny the opposing party access to

15  information vital to its defense").  Finally, Plaintiffs'

16  counsel's acquiescence to the scheduling of the depositions did

17  not result in a waiver of the attorney-client privilege.

18  Although Plaintiffs were apparently initially willing to allow

19  the depositions to go forward, there is absolutely nothing in the

20  record before the Court which reflects any intention on

21  Plaintiffs' part to waive the attorney-client privilege as to any

22  testimony to be provided by Bonus or Butterfield.  Rather, it

23  appears that Plaintiffs planned to allow the depositions to take

24  place and intended to assert the attorney-client privilege during

25  the course of the depositions.  This is a course which Plaintiffs

26  were entitled to take.

27  //

28  //

06cv0921

IV.   **CONCLUSION**

For the reasons set forth above, the Court hereby **DENIES** Defendants' motion for an order compelling the depositions of attorneys Kenneth Bonus and Robert Butterfield.

**IT IS SO ORDERED.**

DATED:   January 7, 2008

Jan M. Adler
U.S. Magistrate Judge

06cv0921