# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNI HOME FINANCING, INC., KEITH W. MURPHY, ANTHONY A. GAGLIONE, DAVID A. BANCROFT, and OMNI HOME FINANCING, INC. 412(i) DEFINED BENEFIT PLAN,<br><br>Plaintiffs,<br>vs.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, PAUL BANNOCK, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 06cv0921 IEG (JMA)<br><br>**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE ADLER'S ORDER DENYING DEFENDANTS' MOTION TO COMPEL DEPOSITIONS**<br><br>[Doc. No. 132.] |

Defendants Hartford Life and Annuity Insurance Company and Paul Bannock (collectively "defendants") have filed objections to Magistrate Judge Jan M. Adler's order of January 7, 2008, denying defendants' motion for order compelling the depositions of attorneys Kenneth Bonus and Robert Butterfield. (Doc. Nos. 125 & 121.) Plaintiffs filed an opposition on February 8, 2008 (Doc. No. 135) and defendants filed a reply on February 15, 2008 (Doc. No. 136).

## BACKGROUND

In the instant case, plaintiffs seek to recover damages for alleged violations of ERISA and for state law claims in connection with a 412(i) defined benefit plan. Defendants have raised the affirmative defense that plaintiffs failed to mitigate their damages, because they terminated the life

insurance policies which were the subject of the plan.

On or about November 9, 2007, Defendants issued deposition notices and subpoenas for the depositions of Kenneth Bonus ("Bonus") and Robert Butterfield ("Butterfield"). According to the testimony of Plaintiff Keith Murphy at his deposition, he received advice from Bonus and Butterfield regarding terminating the 412(i) plan. Counsel for Butterfield and Bonus advised defense counsel no depositions would be taken absent a court order. Defendants filed a motion for an order compelling the attorneys' depositions. (Doc. No. 121.) Magistrate Judge Adler denied the motion on January 7, 2008. (Doc. No. 125.)

Defendants seek to depose the attorneys in order to:

> (1) determine whether Plaintiffs (through their counsel) considered mitigating their damages, such as converting to other policies to preserve the cash value of their whole life policies rather than letting them lapse and losing all of their contributions; (2) whether they are seeking to minimize the amount of money they owe the IRS; or (3) whether they made any argument to the IRS about the legitimacy of the plan that is inconsistent with the claims of alleged defects in the Plan in this case.

(Objections at 5.) Plaintiffs opposed the depositions on the grounds of relevance and attorney-client privilege. Plaintiffs argued the advice of counsel regarding mitigation was not relevant to whether or not plaintiffs failed to mitigate. Magistrate Judge Adler agreed. He also found the testimony would be cumulative to the deposition testimony of Murphy regarding the advice of counsel, and that the depositions would impose an undue burden on the attorneys. (1/7/08 Order at 5-7.) Magistrate Judge Adler also made findings regarding attorney-client privilege as an alternative basis for his decision.

DISCUSSION

Legal Standard

Under Rule 72 of the Federal Rules of Civil Procedure, the district judge on a case must consider timely objections to nondispositive decisions by the magistrate judge. The magistrate judge's order should be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. §636(b)(1)(A).

//

//

Analysis

As correctly noted by Magistrate Judge Adler, Rule 26 of the Federal Rules of Civil Procedure permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2)(C), the Court "must limit" discovery if it is "unreasonably cumulative or duplicative." Because the testimony is not relevant, and is unnecessary, duplicative, and burdensome to the third party attorneys, Judge Adler denied plaintiffs' motion to order the depositions under Rule 26.

Defendants argue Judge Adler erred by failing to consider that Bonus and Butterfield could reveal *why* plaintiffs chose to terminate the plan and let their policies lapse. Defendants fail, however, to explain how this is relevant to the instant action. As Judge Adler correctly decided, even if plaintiffs' termination of the plan did constitute failure to mitigate, their motives in failing to mitigate are not relevant. Plaintiffs claim that if counsel knew of an available mitigation option but failed to inform plaintiffs of the option, "then that is evidence Hartford and Bannock is entitled to present to the jury to show a portion of Plaintiffs' damages are not recoverable from them." (Objections at 7.) Like Judge Adler, the Court does not see why counsel's knowledge of a mitigation option is relevant to whether the option was available and whether it should have been taken.[1]

Defendants also argue Judge Adler erred by failing to consider the need for Bonus and Butterfield to testify regarding their dealings with the IRS in connection with the audit. However, as represented by Butterfield in his declaration, plaintiffs have already produced the documents reflecting communications with the IRS, and no substantive oral communications were made. Moreover, defendants also seek this information in order to establish *why* plaintiffs failed to mitigate. Judge Adler's decision that counsel's beliefs regarding the benefits of terminating the plan for tax purposes are not relevant to whether plaintiffs failed to mitigate is not clearly erroneous nor contrary to law.

//

---

[1] In reply, defendants argue Judge Adler improperly found the depositions should not go forward because the burden of proof fell on defendants to establish failure to mitigate. Defendants seriously misinterpret Judge Adler's order, which did not mention burden of proof and clearly articulated Judge Adler's reasons for finding the evidence irrelevant.

CONCLUSION

For the foregoing reasons, the Court agrees with Magistrate Judge Adler's well-reasoned decision. The Court thus declines to modify the decision or set it aside, and OVERRULES plaintiffs' objections to Judge Adler's order.

**IT IS SO ORDERED.**

**DATED: February 29, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**